IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD BASSETT,

        Plaintiff,                      No. CIV S-07-1439 LKK JFM P

     vs.

MYRA L. BAILEY, and
DENNY FORLAND,

        Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $3.44 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners seeking relief
2    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
3    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
4    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
5    granted, or that seek monetary relief from a defendant who is immune from such relief.  28
6    U.S.C. § 1915A(b)(1),(2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13   Cir. 1989); Franklin, 745 F.2d at 1227.

14   Plaintiff names court-appointed lawyer Myra L. Bailey and Public Defender
15   Denny Forland as the sole defendants in this action.  Plaintiff alleges that in 2005, while in Butte
16   County Superior Court, Family Law Division, defendant Bailey presented numerous documents
17   to plaintiff and instructed him to sign them.  (Complaint at 5.)  Plaintiff contends defendant
18   Bailey told him to sign the documents and refused to explain the purpose of the documents,
19   telling him "not to worry about it, they were in [his] best interest."  (Complaint at 6.)  Plaintiff
20   states that because defendant Bailey insisted that he sign these documents, his parental rights
21   were terminated and he lost his daughter.  (Complaint at 6.)  There are no charging allegations
22   against defendant Forland.

23   To establish a section 1983 claim, a plaintiff must allege that (1) the defendants
24   acted under color of state law, and (2) their conduct deprived the plaintiff of a federally protected
25   right.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).  A lawyer is generally not considered to be "a
26   state actor 'under color of state law' within the meaning of § 1983."  Polk County v. Dodson, 454

U.S. 312, 318 (1981). The Supreme Court has held that even a court-appointed public defender does not act under color of state law and therefore is not liable for damages under 42 U.S.C. § 1983. Briscoe v. LaHue, 460 U.S. 325, 330 n.6 (1983). A privately retained attorney is even more removed from the state than is a public defender; his or her license to practice law does not put him or her "so close to the core of the political process as to make him a formulator of government policy." In re Griffiths, 413 U.S. 717, 729 (1973). Because the named defendants do not act under color of state law, this action must be dismissed for failure to state a claim under 42 U.S.C. § 1983.[1]

Moreover, the complaint must be dismissed without leave to amend. A federal district court does not have jurisdiction to review errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381 1411- 1412 (D. Idaho 1996). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over § 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attack on state court judgment because of substantive defense improper under Rooker-Feldman). "Under the 'Rooker-Feldman doctrine,' review of state court decisions may only be conducted in the United States Supreme Court." Partington v. Gedan, 961 F.2d 852, 864 (9th Cir. 1992). "If claims

---

[1] However, a private lawyer or public defender may be liable under state tort law for malpractice and therefore, a plaintiff is not entirely deprived of a civil remedy for a lawyer's misdeeds. Polk County, 454 U.S. at 312 ("And of course we intimate no views as to a public defender's liability for malpractice in an appropriate case under state tort law"). A state tort law claim for malpractice is more appropriately filed in state court. Plaintiff is cautioned not to delay his filing in state court. Cal. Code Civ. Proc. § 340.6 ("An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." Id.)

3

raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003).

It is apparent from the complaint that plaintiff's parental rights have been terminated by the Butte County Superior Court. Thus, any relief plaintiff would seek here would be inextricably intertwined with the results of the state court proceedings and would require the district court to review state court rulings. Under the Rooker-Feldman doctrine, federal courts lack jurisdiction to determine whether the proceedings regarding parental rights were valid, because those proceedings were concluded before the filing of this action. Accordingly, this court will recommend that this action be dismissed with prejudice.

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 16, 2007.

UNITED STATES MAGISTRATE JUDGE

/001;bass1439.56